UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RAYMUNDO GARCIA,

                Plaintiff,

   -against-

CITY OF NEW YORK, et al.

                Defendants.

No. 06 Civ. 746 (LTS)(DCF)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: SEP 28 2007

MEMORANDUM OPINION AND ORDER

Plaintiff Raymundo Garcia ("Plaintiff") commenced this action on January 27, 2006, against the City of New York, the New York City Police Department, Police Officer/Detective Beth Robinson (Shield No. 05437), in her individual and official capacity, and "John Doe" (Shield No. 13912), individually and in his official capacity as employee of the New York City Police Department, alleging violations of Plaintiff's right to be free from unreasonable search and seizure under the Fourth and Fourteenth Amendments to the United States Constitution, false imprisonment, negligence, malicious prosecution, wrongful incarceration, assault, and battery. (Def.'s Ex. A.) Plaintiff filed an Amended Complaint on July 11, 2006, asserting an additional claim ("Eighth Claim" or "Monell Claim") that the City of New York is liable under 42 U.S.C. § 1983 for Plaintiff's alleged injury due to negligent mismanagement of the Manhattan District Attorney's Office ("DA's Office"). Plaintiff filed a second Amended Complaint ("Second Amended Complaint") on October 6, 2006, withdrawing the state law claims of false imprisonment, wrongful incarceration, assault, and battery, which were time-

barred, and reasserting the "Eighth" Monell claim. (Def.'s Ex. D.) The Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1367.

The City of New York and Defendant (collectively, the "Municipal Defendants") move to dismiss the Eighth Claim in the Second Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), asserting that Plaintiff fails to state a claim for municipal liability. For the following reasons, the Municipal Defendants' motion to dismiss the Eighth Claim in the Second Amended Complaint is denied.

## BACKGROUND

The facts alleged in Plaintiff's Second Amended Complaint are taken as true for the purposes of this motion. See Blue Tree Hotels Inv. (Canada), Ltd. v. Starwood Hotels & Resorts Worldwide, Inv., 369 F.3d 212, 217 (2d Cir. 2004). Plaintiff, a homeless, unemployed, 57-year-old Cuban-American, was arrested for allegedly selling drugs to an undercover police officer while sitting on a milk crate in front of 3371 Broadway, New York, New York on September 29, 2002, at approximately 7:20 p.m. (Second Am. Compl. ¶¶ 4-5.) Plaintiff was arrested by Defendant, who was assigned to the Narcotics Division Northern Manhattan, during a "buy and bust" drug operation. (Id. ¶ 8.) Plaintiff was charged with Criminal Sale of a Controlled Substance in the Third Degree and Criminal Sale of a Controlled Substance near a school under New York Criminal Penal Law §§ 220.39(1) and 220.44(2), respectively. (Id. ¶¶ 6-7.) Plaintiff plead not guilty to each offense on October 17, 2002. (Aff. in Opp'n of Mot. to Dismiss 8th Claim in Am. Compl. ("Pl.'s Aff.") ¶ 5.) All charges against Plaintiff were subsequently dropped, and Plaintiff was released from incarceration without prosecution, trial, or

agreement, on February 29, 2003, after 154 days in custody. (Second Am. Compl. ¶¶ 9-10; Pl.'s Aff. ¶ 7.)

In his Eighth Claim, Plaintiff alleges that his continued incarceration deprived Plaintiff of liberty without due process due to the negligent mismanagement and "deliberate indifference" of the DA's Office for "failing to adequately train, supervise and discipline" its "prosecutors, police officers, and personnel in matters involving the prosecution of the plaintiff including failure to follow proper procedures for determining whether persons arrested and detained by them pursuant to buy and bust drug operations have committed such crimes." (Second Am. Compl. ¶ 37.) Plaintiff claims that the City of New York should be subject to liability pursuant to 42 U.S.C. § 1983 for the alleged mismanagement of the DA's Office insofar as the Manhattan District Attorney (the "DA") acted as an official policymaker for the City of New York. (Id. ¶ 38.)

## DISCUSSION

### Rule 12(b)(6) Standard

In considering a motion to dismiss a complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court is obliged to accept as true the allegations in the complaint and draw all reasonable inferences in favor of the non-moving party. Blue Tree Hotels Inc., 369 F.3d at 217. Federal Rule of Civil Procedure 8(a) requires only that a complaint include a "short and plain statement of the claim showing that the pleader is entitled to relief." Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 168 (1993), quoting Fed. R. Civ. P. 8(a). The Court's function on a 12(b)(6) motion is "not to weigh

the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." Goldman v. Belden, 754 F.2d 1059, 1067 (2d Cir. 1985). Federal courts may not apply a "heightened pleading standard - more stringent than the usual pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure - in civil rights cases alleging municipal liability under 42 U.S.C. § 1983." Leatherman, 507 U.S. at 164.

### Municipal Liability

To establish municipal liability, a plaintiff must identify a "government policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy," that inflicts an injury cognizable under § 1983. Monell v. New York City Dept. of Soc. Servs., 436 U.S. 658, 694 (1978). In Monell, the Court held that a municipality may not be held liable based on a *respondeat superior* theory. Id. Thus, not every action taken by public officials subjects a municipality to § 1983 liability; "municipal liability attaches where the decision-maker possesses final authority to establish municipal policy." Pembaur v. City of Cincinnati, 475 U.S. 469, 482 (1986) (plurality opinion).

In considering whether a district attorney is a municipal policymaker for purposes of § 1983 liability, the Second Circuit distinguishes between a district attorney's prosecutorial and managerial duties. Wray v. City of New York, 340 F. Supp. 2d 291, 304-305 (E.D.N.Y. 2004). In Baez v. Hennessy, the Court of Appeals for the Second Circuit concluded, "[w]hen prosecuting a criminal matter, a district attorney in New York State, acting in a quasi-judicial capacity, represents the State not the county." Baez v. Hennessy, 853 F.2d 73, 77 (2d Cir. 1988). In contrast, where a district attorney acts as the manager in the administration of the district

attorney's office, the district attorney is considered an official municipal policymaker. Ying Jing Gan v. City of New York, 996 F.2d 522, 536 (2d Cir. 1993). See also Walker, 974 F.2d at 301 (decision not to supervise or train assistant district attorneys on Brady and perjury issues, resulting in defendant's wrongful conviction and imprisonment for nineteen years, is managerial decision which can lead to city liability); Gentile v. County of Suffolk, 926 F.2d 142, 153 n.5 (2d Cir. 1991) (distinguishing liability due to County's long history of negligent disciplinary practices regarding law enforcement personnel, which gave rise to defendants' conduct in promoting malicious prosecution of plaintiffs, from immunity for specific decision of the District Attorney to prosecute); Johnson v. Kings County District Attorney's Office, 308 A.D.2d 278, 294 (N.Y. App. Div. 2003) (holding that plaintiff wrongly held for twenty-four days as a fugitive adequately alleged constitutional harm caused by a failure of the District Attorney's office to train assistant district attorneys and other personnel with regard to proper procedures for determining whether detainees pursuant to fugitive warrants are in fact persons sought by out-of-state authorities).

In the Second Amended Complaint Plaintiff alleges that the DA, acting as the "Official Policymaker," mismanaged the DA's Office by failing to adequately train, supervise, and discipline his employees regarding proper procedures for determining whether arrestees in "buy and bust" drug operations committed the crimes charged. (Second Am. Compl. ¶¶ 37-39.) To establish a defendant's § 1983 liability for a policy of inadequate training or supervision, a plaintiff must demonstrate that the failure to properly train reflects a "deliberate indifference to the constitutional rights" of the Plaintiff. City of Canton, Ohio v. Harris, 489 U.S. 378, 388 (1989). Three requirements must be met before a municipality's failure to train or supervise its

employees constitutes deliberate indifference: the plaintiff must show that (1) the policy maker knows "to a moral certainty" that his/her employees will confront a given situation; (2) the situation either presents the employee with a difficult choice of the sort that training or supervision will make less difficult or that there is a history of employees mishandling the situation; and (3) the wrong choice by the city employee will frequently cause the deprivation of a citizen's constitutional rights. Walker, 974 F.2d at 297-298. Further, for liability to attach, the "identified deficiency in a city's training program must be closely related to the ultimate injury." Harris, 489 U.S. 378, 391 (1989); see also Batista v. Rodriguez, 702 F.2d 393, 397 (2d Cir. 1983) ("Absent a showing of a causal link between an official policy or custom and the plaintiffs' injury, *Monell* prohibits a finding of liability against the City.")

Defendants argue that Plaintiff has plead insufficient facts to state his municipal liability claim and that the pleading must therefore be dismissed as merely conclusory. The Supreme Court made it clear in Leatherman, however, that there is no heightened pleading standard for municipal liability claims. Leatherman, 507 U.S. at 168. Under the Leatherman rule, Plaintiff's bare allegations that the DA was a policymaker and that the DA's Office failed to adequately train and supervise its employees regarding buy and bust procedures are sufficient, albeit minimally so, to withstand Municipal Defendants' Rule 12(b)(6) motion.

Municipal Defendants also contend that Plaintiff has not sufficiently plead a basis for municipal liability because "the conduct about which plaintiff complains in the [Second] Amended Complaint's Eighth Claim amounts to the decision made by the prosecutor in initiating, continuing and ultimately discontinuing the prosecution against plaintiff," a process which cannot give rise to liability for the City of New York. (Def.'s Mem. of Law in Supp. of

Mot. to Dismiss ("Def.'s Mem. of Law") 9-10.) However, pursuant to the liberal pleading requirements of Federal Rule of Civil Procedure 8(a) and viewed in the light most favorable to Plaintiff, the Second Amended Complaint sufficiently alleges that the DA is an official city policymaker who failed in his managerial role to adequately train and supervise his employees regarding buy and bust operations.

Accordingly, Municipal Defendants' motion to dismiss on grounds of failure to plead municipal liability is denied.

## CONCLUSION

For the foregoing reasons, Municipal Defendants' motion to dismiss the Eighth Claim of the Second Amended Complaint (docket entry no. 19) is denied.

SO ORDERED.

Dated: New York, New York
September 28, 2007

LAURA TAYLOR SWAIN
United States District Judge